IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
JERRY LEWIS PARTEE,            )
                               )
        Plaintiff,             )
                               )
     v.                        )   NO. 3:05-0117
                               )
VANDERBILT MEDICAL CENTER,     )   Judge Campbell/Brown
et al.,                        )
                               )
        Defendants.            )
```

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

The defendants in this matter have filed a motion for summary judgment (Docket Entry No. 22), supported by a memorandum of law (Docket Entry No. 23), a statement of undisputed facts (Docket Entry No. 24), and an affidavit of the defendant, Dr. Wilson (Docket Entry No. 22-2), concerning his treatment of the deceased, Mr. Eugene Peeples.

The plaintiff in this case was given until October 21, 2005, to file a response to the motion for summary judgment (Docket Entry No. 25). His only response has been a response to the statement of uncontested facts (Docket Entry No. 27). For the reasons stated below, the Magistrate Judge **recommends** that the motion for summary judgment be **granted** for a lack of standing of the plaintiff, Jerry L. Partee, and that this case be **dismissed**.

## II. BACKGROUND

This case has had a somewhat complicated history. The original complaint, along with an application to proceed in forma pauperis, was lodged with the Court on November 19, 2004 (Docket Entry No. 1, Case No. 3:04-MC-0074), by Mr. Jerry Lewis Partee. After an amended application to proceed in forma pauperis was received, the application was granted and Judge Trauger directed the Clerk to file the complaint and referred the complaint to the undersigned to conduct a frivolity review and to handle other pretrial dispositive and non-dispositive motions (Docket Entry No. 2). The original complaint (Docket Entry No. 1) was then filed on February 11, 2005.

Mr. Partee attempted to list Ms. Ella M. Peeples and Mr. Steve Peeples as additional plaintiffs in this matter in the caption. The complaint sued Dr. John R. Wilson, Mr. Peeples' treating physician, and Vanderbilt University Medical Center. His prayer for relief (Docket Entry No. 1, para. 5) sought to (a) require the defendants to meet with the family of the decedent; (b) provide medical lab records; (c) discuss reason for not returning calls for meetings; and (d) provide reasons for Mr. Peeples' unexpected death and answer other questions. The complaint was signed only by Mr. Jerry L. Partee.

Subsequently, the Magistrate Judge prepared a Report and Recommendation (Docket Entry No. 4) recommending that the case be

2

dismissed for want of diversity jurisdiction. The Report and Recommendation contained a summary of the case to date. Further, it recommended that the case be dismissed inasmuch as the plaintiff sought no monetary damages and made no allegations for a jurisdictional basis other than diversity. Without a monetary claim in excess of $75,000, the Magistrate Judge recommended dismissal for lack of subject matter jurisdiction. In analyzing the case, the Magistrate Judge also pointed out that while Ella M. Peeples and Steve Peeples were listed as plaintiffs in the style of the case, only Mr. Partee signed the complaint, and that since the other individuals had not signed the complaint nor had they requested to proceed in forma pauperis or paid a portion of the filing fee, Mr. Partee was the only plaintiff. The Magistrate Judge also pointed out that the underlying complaint itself, while apparently attempting to imply medical malpractice, did not provide factual allegations that would support a claim.

The plaintiff, Mr. Partee, objected to this Report and Recommendation (Docket Entry No. 5), arguing that the family of Mr. Peeples had not had an opportunity to be heard, and in his view the case was not in diversity and stating that while he understood that no medical or factual information had been attached to his original claim, it would be supplied. He again complained that the doctor and the hospital had not responded to numerous requests for information. He stated that while he understood that the claim

3

only contained his signature, this would not be a problem, as other members of the family would sign an amended complaint or a refiling. He stated that he did have factual evidence and records to support their contention that Mr. Peeples did not receive appropriate care. Mr. Partee did not state a jurisdictional basis for his case.

The District Judge, after considering the plaintiff's response, noted that the plaintiff stated he would like to amend his complaint and that he was entitled to amend his complaint one time as a matter of course, before a responsive pleading was served, under Fed.R.Civ.P. 15(a). Accordingly, the Report and Recommendation was rejected and the plaintiff was allowed until June 30, 2005, to file an amended complaint (Docket Entry No. 7). The District Judge returned the case to the Magistrate Judge for further proceedings.

In view of this order, the undersigned directed the Marshal serve process in this matter and directed the defendants not to respond until they had been served with the amended complaint, which was due to be filed by June 30, 2005. The Magistrate Judge specifically advised other members of the family, who wished to join in the litigation, that they must either pay the filing fee or file an appropriate application to proceed <u>in forma pauperis</u> with an appropriate financial statement (Docket Entry No. 8).

4

A document purporting to be the amended complaint was filed on June 20, 2005 (Docket Entry No. 11). This document listed as plaintiffs Mr. Partee, Mrs. Peeples, Mrs. Seay, Mrs. Nelms, and Mr. Peeples. The last four individuals were listed as surviving relatives of the deceased patient, Mr. Eugene Peeples. This document listed a history of Mr. Peeples' various hospitalizations at Vanderbilt Hospital and bore the signature of Mrs. Nelms, Mrs. Peeples, and Mrs. Seay. It was not initially signed by Mr. Jerry L. Partee. Other than elaborating on the nature of the claim and attempting to add four plaintiffs, the document contained no additional information as to the relief sought. No money damages were sought.

Various deficiencies in the purported amended complaint were pointed out to Mr. Partee in an order entered by the undersigned on July 13, 2005 (Docket Entry No. 13). The plaintiff was given ten days to correct the deficiencies by filing a signed document and having the other individuals, who Mr. Partee said wished to join the case, either pay a portion of the filing fee or file an application to proceed <u>in forma pauperis</u>. He was also advised as to how to put an appropriate certificate of service on his pleadings. It was also pointed out to the plaintiff that he should seek some type of legal counsel, as there were serious issues concerning the statute of limitations, as well as whether

5

the plaintiff must have some type of medical expert opinion in order to sustain a medical negligence action.

Because of these procedural difficulties and other questions with the case, a Rule 16 hearing was scheduled and held in this matter on August 17, 2005. Mr. Partee was the only person who attended on the plaintiff's side. He advised that some of the relatives had car difficulties and were unable to attend.

Mr. Partee was allowed to sign his amended complaint in open court, and Docket Entry No. 11 then became the complaint in this case. In this amended complaint, four more individuals were indicated as additional plaintiffs. Mrs. Peeples, Mrs. Seay, and Mrs. Nelms, all daughters of the deceased, did sign but did not pay the filing fee or file an application to proceed in forma pauperis. Mr. Peeples neither signed the amended complaint, paid the filing fee, or filed an application to proceed in forma pauperis.

These additional individuals were given until September 1, 2005, to pay the fee or file an application to proceed in forma pauperis, and for Mr. Peeples to sign the complaint. They were advised that their failure to comply with this part of the order would result in a recommendation that they not be included in the lawsuit in any way.

During this hearing, Mr. Partee explained that he was the son-in-law of the deceased, and that his wife, the deceased's daughter, did not wish to join in this matter.

6

Subsequently, Mr. Partee contacted the Magistrate Judge's office and advised that the other prospective plaintiffs were unable to pay the filing fee or apply for in forma pauperis by September 1, 2005, because of the recent Gulf Coast hurricane disaster. Accordingly, they were given until September 26, 2005, to pay their portion of the filing fee or to file an application to proceed in forma pauperis.

Subsequently, the defendants did file a motion for summary judgment on September 8, 2005 (Docket Entry No. 22). Their motion was supported by a memorandum and a statement of undisputed facts (Docket Entry Nos. 23 and 24). A scheduling order was entered in the matter on September 19, 2005 (Docket Entry No. 25), and the plaintiff(s) were directed to file a response to the motion for summary judgment by October 21, 2005.

The motion for summary judgment was referred to the undersigned for a Report and Recommendation by Chief Judge Campbell on October 10, 2005 (Docket Entry No. 26). On October 20, 2005, a response to the defendants' undisputed material facts was filed by Mr. Partee (Docket Entry No. 27). Despite earlier instructions, Mr. Partee did not certify that he had served a copy of this response on the defendants.

For the purpose of the following discussion, the Magistrate Judge will also treat the plaintiff's response to

7

defendants' undisputed material facts (Docket Entry No. 27) as his argument as to why the motion should not be granted.

**III. LEGAL DISCUSSION**

As an initial matter, Mr. Partee is the only plaintiff in this case. The Magistrate Judge has leaned over backwards in an effort to allow other prospective plaintiffs to join in this matter, however, Mr. Peeples failed to sign the complaint and all four of the proposed added plaintiffs have totally failed to follow the Court's orders to either pay a portion of the filing fee or to file an application to proceed in forma pauperis. None of them have filed any papers responding to the defendants' motion for summary judgment.

The Magistrate Judge has applied the well-known rules in considering the defendants' motion for summary judgment. Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails "to establish the existence of an element essential to that party's case and on which that party bears the burden of proof

8

at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). 2001 WL 753504, Chapman v. The Higbee Company, (6th Cir. 2001).

The defendants, in their motion and memorandum, contend that the plaintiff, Mr. Partee, has no standing in this matter. They point out that under Tennessee law, Tenn.Code Ann. § 20-5-107, actions may be initiated by the personal representative of the deceased or by the surviving spouse in her own name, or if there be no surviving spouse, by the children of the deceased or by the next of kin. The plaintiff in this matter is the son-in-law of the deceased, Eugene Peeples, and therefore is not a next of kin. The plaintiff has neither alleged nor established that he is a personal representative nor a child of the deceased Mr. Peeples. In fact, the plaintiff stated in court that his wife, the daughter of Mr. Peeples, did not wish to participate in this litigation. It is thus clear that Mr. Partee does not have standing to initiate this action. The Tennessee Court of Appeals pointed out in Foster v. Jeffers, 813 S.W.2d 449 (Tenn.Ct.App. 1991), that if none of the statutorily prescribed beneficiaries exist, then the cause of action for wrongful death cannot be brought because the existence of one of these beneficiaries is a prerequisite to bringing an action for wrongful death. Foster at 451. See also Johnson v. Metropolitan Government, 665 S.W.2d 717 (Tenn.Ct. App. 1984).

From a reading of the file, it appears that Mr. Peeples, the deceased, was a resident of Alabama. (See Statement of

9

Undisputed Facts, Statements 14 and 15 of Docket Entry No. 14). In addition, all the other family members mentioned appear to be from the Birmingham area. The Alabama Code 1975, Section 6-5-10, provides that wrongful acts, omissions, or negligence causing death may be maintained only by the personal representative of the deceased. Thus, under Alabama law, as well as Tennessee law, the plaintiff, Mr. Partee, lacks standing to bring this case.

Since Mr. Partee is a resident of Kentucky, the Magistrate Judge has also considered Kentucky law, and as in the case of Alabama and Tennessee, finds that he lacks standing. KRS Section 411.130.

Mr. Partee has never claimed to be the personal representative of the deceased and he is clearly not a next of kin. Accordingly, the Magistrate Judge concludes that the plaintiff lacks standing to bring this action, and inasmuch as he is the only plaintiff, the case must be dismissed on those grounds alone.

The defendants also raise the issue that the plaintiff has not proffered any expert evidence to show medical malpractice on the part of the defendants. They have provided an affidavit of Dr. Wilson (Docket Entry No. 22-2) that he complied with the applicable medical standards in treating the deceased. The plaintiff, in response to the defendants' undisputed material facts, does not provide any contrary expert opinion. He merely refers to the medical records of Mr. Peeples, which are not in

evidence at this time. As the Tennessee Court of Appeals has recently held, medical malpractice cases require the plaintiff to offer competent expert proof under T.C.A. § 29-26-115 to refute the expert proof offered by the defendants. <u>Dunham v. Stones River Hospital</u>, 40 S.W.3d 47 (Tn.Ct.App. 2000).

Were this case not subject to dismissal for lack of standing, it is possible that the plaintiff could have requested some additional time to complete discovery in order to provide such an expert opinion. The plaintiff has been repeatedly cautioned that he would need such proof in order to proceed with his case. The plaintiff, in his response, has in no way indicated that he has consulted with any type of expert to see if there is a basis for a malpractice claim in this matter. Absent some indication that the plaintiff can obtain a qualified expert, who will opine that there was medical malpractice in this case, this portion of the motion would have merit.

Finally, the Magistrate Judge would note that in his original recommendation he recommended that the case be dismissed for lack of diversity, inasmuch as the plaintiff had not alleged a jurisdictional amount of damages. This portion of the Report and Recommendation was rejected by the District Judge in order to allow the plaintiff to amend his complaint (Docket Entry Nos. 4 and 7). The Magistrate Judge would note that in his amended complaint (Docket Entry No. 11), the plaintiff has again failed to allege any jurisdictional amount of damages. The Magistrate Judge would again
11

note that the plaintiff, in seeking only injunctive relief, has failed to establish that the amount in controversy is over $75,000, as required by 18 U.S.C. § 1332.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that this complaint be **dismissed** for lack of subject matter jurisdiction, inasmuch as the plaintiff, as the decedent's son-in-law, lacks standing to bring an action on behalf of the decedent or in his own name.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 26th day of October, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge